UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY LOWELL CARLISLE,

            Plaintiff,

      v.                                                    Case No. 18-C-1924

DAWN FOFANA,
JUDY SMITH,
JAMES GREER,
LORI DOELING,
DANIELLA FOSTER,
RYAN HOLZMACHER,
BUBOLZ,
C. O'DONNELL,
DR. MURPHY,
JON LITSCHER,
RN HANSEN, and
JOHN & JANE DOE
*Unknown Medical Committee*,

            Defendants.

## SCREENING ORDER

      Plaintiff Jeffrey Lowell Carlisle, who is currently serving a state prison sentence at Oshkosh

Correctional Institution (OCI) and representing himself, filed a complaint under 42 U.S.C. § 1983

against various members of the medical and administrative staff of OCI and the Wisconsin

Department of Corrections (DOC), alleging that the defendants violated his constitutional rights by

refusing to order surgery for his gynecomastia, a hormonal imbalance that causes breast tissue to

swell in boys or men. Carlisle claims that condition causes him severe pain and emotional distress.

He seeks injunctive and declaratory relief, and compensatory and punitive damages. The case is

before the court on Carlisle's motion for leave to proceed without prepaying the full filing fee and

to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Carlisle has requested leave to proceed without prepayment of the full filing fee (*in forma*

*pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of

the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Carlisle has filed a certified copy of

his prison trust account statement for the six-month period immediately preceding the filing of his

complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing

fee of $15.50. Carlisle has paid an initial partial fee of $20.00, which exceeds the $15.50

assessment. The excess funds will be credited toward the balance of the full filing fee. Carlisle's

motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim

is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*,

504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker*

*v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required

to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R.

Civ. P. 8(a)(2).  The complaint must contain sufficient factual matter "that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  The court accepts the factual allegations as true and liberally construes them in the

plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  Nevertheless, the

complaint's allegations "must be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

Carlisle alleges that he suffers from gynecomastia and that he continues to be clinically

monitored for the condition.  He alleges that he has filed numerous health services requests

complaining that his gynecomastia causes him severe pain.  On December 13, 2016, Dr. Wheatley,

Carlisle's primary care provider, ordered that Carlisle have surgery for his gynecomastia.  On

December 27, 2016, an unknown medical committee denied the surgery request because the

committee found the surgery to be cosmetic.  On January 9, 2017, Carlisle filed a complaint, which

L. Becher dismissed on February 14, 2017.  Carlisle appealed, and B. Hompe dismissed the appeal

on February 20, 2017.

On March 23, 2017, Carlisle submitted a health services request to Health Services Assistant

Manager Dawn Fofana.  Carlisle submitted another health services request to Fofana on April 24,

2017. Carlisle alleges that, in response to these requests, an RN Nurse answered on Fofana's behalf.

Carlisle filed another complaint on July 31, 2017, which was denied on August 14, 2017.  Carlisle

appealed, and H. Gunderson dismissed the appeal.

On January 18, 2018, Dr. Wheatley again ordered a "request for surgical consult," and, on

March 13, 2018, the unknown medical committee again denied the request as cosmetic.  ECF No.

1 at 4. On April 23, 2018, Carlisle was seen by health services staff regarding his breast pain and change in size. The same day, Carlisle filed another complaint, which Inmate Complaint Examiner Bubolz denied on May 23, 2018. Carlisle alleges that Fofana was contacted about the complaint. On April 30, 2018, Dr. Wheatley saw Carlisle regarding his breast pain and the change in size of the masses in both breasts. On May 16, 2018, Carlisle submitted a health services request to Health Services Manager Daniella Foster, which RN Hansen answered on Foster's behalf.

Carlisle saw Dr. Lin Rudolph on June 7, 2018 at a breast center. Carlisle alleges that images from the breast center confirm that he has a bad case of gynecomastia. Dr. Rudolph suggested that, due to Carlisle's significant pain, excision should be considered. On June 12, 2018, Carlisle sent a request to Fofana, asking "how transgenders are allowed to be prescibed [sic] medications to grow breasts. But in the plaintiffs [sic] case the breast tissue can not be removed" and complaining of "severe psychological pain with physical pain." *Id.* at 5. Three days later, on June 15, 2018, Carlisle wrote to Unit Manager K. Sabel, asking the same question that he asked Fofana.

On June 18, 2018, Carlisle wrote to health services management, and RN Hansen answered on management's behalf. The next day, on June 19, 2018, Carlisle appealed the dismissal of his complaint, and C. O'Donnell dismissed the appeal on July 11, 2018. On July 25, 2018, Carlisle wrote a request to K. Sabel. On August 15, 2018, Carlisle went off site to see an endocrinologist about his elevated estrogen levels. Carlisle alleges that the endocrinologist prescribed anastrozole, a medication used to lower estrogen levels. He also alleges that the endocrinologist stated that if Carlisle "has no changes should have bilateral mastectomy due to continued growth, pain." *Id.*

On August 16, 2018, Carlisle sent a request to Fofana, asking "how transgenders are allowed to grow breasts. But the plaintiff with specialists and his primary doctor can not get surgery for

4

removal of breast tissue." *Id.* at 5–6.  On August 23, 2018, Carlisle sent a request asking the same question to Warden Judy Smith.  Carlisle sent further requests to Fofana on August 29, 2018 and September 1, 2018 but received no response.  Carlisle then wrote to Secretary Jon Litscher, who forwarded Carlisle's letter to Policymaker James Greer.  Greer said that "dismissal is appropriate." *Id.* at 6.

Carlisle saw Dr. Wheatley on September 20, 2018 regarding pain in his breasts.  Carlisle alleges that the masses in his breasts measured 6 cm across his left breast and 5 cm across his right breast.  Carlisle received a letter from Assistant Administrator Marc Clements on October 13, 2018. Carlisle then wrote to K. Sabel on October 24, 2018, and, on the same day, "Madison" denied the anastrozole that the endocrinologist ordered. *Id.*  The next day, on October 25, 2018, Carlisle wrote to Greer, and Lori Doehling responded on Greer's behalf.  On November 1, 2018, Carlisle filed a complaint for denial of medication and wrote to Medical Director Ryan Holzmacher.  On December 6, 2018, he filed the instant action.

## THE COURT'S ANALYSIS

The Eighth Amendment prohibits the infliction of cruel and unusual punishment as a sentence for a crime. U.S. Const. amend. VIII.  The Eighth Amendment protects an inmate from a governmental actor's deliberate indifference to his basic needs, including an inmate's medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (holding that deliberate indifference to serious medical needs constitutes cruel and unusual punishment in violation of Eighth Amendment). To state a claim for deliberate indifference to a serious medical need, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition."

*Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The plaintiff must allege that the official was subjectively indifferent. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

It appears from his complaint that Carlisle has alleged a serious medical condition, i.e., one causing severe pain and emotional distress, for which his primary care physician (Dr. Wheatley), as well as an endocrinologist, have recommended a surgical consult. Despite his repeated complaints of severe pain and the recommendations of his doctors, Carlisle alleges the medical and administrative staff of OCI and DOC have refused to authorize such treatment on the ground that it is unnecessary cosmetic surgery. These allegations are sufficient to state a claim for injunctive relief against the person ultimately responsible for refusing to authorize the surgical consult for Carlisle's condition.

It may be that there are good reasons for the DOC's refusal to authorize a surgical consult. A good faith disagreement over appropriate medical care does not constitute deliberate indifference. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996) (holding that medical providers' differing opinions as to best treatment for prisoner do not amount to deliberate indifference). But based on the allegations of the complaint, which must be accepted as true at this stage of the proceedings, the only doctor who is actually treating Carlisle states that he needs a surgical consult. Carlisle alleges that he has repeatedly asked everyone involved in providing medical care for prisoners to provide him the treatment recommended by his doctor. Although it does not appear his requests were ignored, the treatment recommended by his doctor was not provided. Absent any explanation for such refusal to authorize the recommended treatment, it is reasonable to infer it was due to deliberate indifference. *See Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) ("We think a factfinder could infer as much from the medical defendants' obdurate

6

refusal to alter Greeno's course of treatment despite his repeated reports that the medication was not working and his condition was getting worse.").

This does not mean, however, that the complaint states a claim against all of the individuals Carlisle has named as defendants. Nursing and administrative staff members were responsive to Carlisle's complaints. Insofar as the complaint alleges, they met with him, noted his complaints, scheduled appointments with doctors, and sent his requests up the chain of command. Ultimately, the decision to authorize the surgery was not theirs to make. Thus, they cannot be held liable for their failure to authorize it. *Id.* at 655–56 ("We do not think Miller's failure to take further action once he had referred the matter to the medical providers can be viewed as deliberate indifference."). Though it is not clear from the complaint who ultimately was responsible for the decision refusing Carlisle's request for surgery, this is not a reason for dismissal. "Numerous cases in this and other circuits have established that, when the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint. To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

In view of the foregoing, I will allow the case to proceed against Ryan Holzmacher, who the complaint identifies as the medical director for the DOC, since the complaint alleges Carlisle made him aware of his request and his title suggests he might have held decision-making authority. Carlisle may therefore proceed against Holzmacher in his official capacity on his claim for

injunctive relief, and in his individual capacity on his claim for damages. All other defendants are dismissed without prejudice.

Carlisle has filed a motion for emergency relief along with his complaint on the grounds that he is in constant pain and experiencing great emotional distress. Though Carlisle's condition does not appear to be life-threatening, his complaint of severe and constant pain warrants prompt consideration by the court. Within 10 days after service of this order and the complaint on the defendant, the Clerk shall therefore schedule a telephone conference with Carlisle and counsel for the defendant to address Carlisle's request for emergency relief.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that within 10 days after service of this order and the complaint on the defendant, the Clerk shall schedule a telephone conference with Carlisle and counsel for the defendant to address Carlisle's request for emergency relief. To the extent necessary to allow counsel to explain why Carlisle's request for surgical treatment has been denied, the court hereby authorizes counsel for the defendant to access and review Carlisle's medical file since he has, by placing his medical condition at issue, waived any doctor/patient privilege concerning such issues. *See* Fed. R. Evid. 501; Wis. Stat. § 905.04(4)(c).

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $330 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court

Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this __14th__ day of January, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court