UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY LOWELL CARLISLE,

Plaintiff,

v.                                                                    Case No. 18-C-1924

RYAN HOLZMACHER,

Defendant.

**ORDER DENYING MOTION TO ACCESS RELEASE ACCOUNT**

Plaintiff Jeffrey Lowell Carlisle is a prisoner who commenced a civil rights action against prison officials and paid his initial partial filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b). Along with his complaint, Carlisle filed a motion for emergency relief on the ground that he is being refused treatment for his gynecomastia, which he alleges causes him constant pain and emotional distress. The court screened Carlisle's complaint and allowed it to proceed against Ryan Holzmacher, whom the complaint identifies as the medical director for the Department of Corrections (DOC). On January 24, 2019, the court held a hearing on Carlisle's motion for emergency relief and directed the defendant to file a response within thirty days as to the DOC's position on its denial of Carlisle's treatment requests. Carlisle now moves the court for an order directing that the balance of his filing fee be paid from his release account and that counsel be appointed.

A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence. Wis. Admin. Code § DOC 309.466. Though the court can order disbursements from the release

account for payment of the initial partial filing fee, the PLRA does not require the court to invade

that account for payment of the balance. *See* 28 U.S.C. § 1915(b). Nothing in the language of 28

U.S.C. § 1915(b)(2) "can be interpreted as congressional intent that prisoners deplete savings or

release account balances in order to pay off their filing fee debts." *Carter v. Bennett*, 399 F. Supp.

2d 936, 937 (W.D. Wis. 2005). Indeed, allowing a prisoner to pay his full filing fee out of funds

from his release account would defeat the purpose of the PLRA's requirement that prisoners filing

lawsuits pay the full filing fee over time. The legislative history of the PLRA shows that Congress

intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits

or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181,

185 (2d Cir. 1996). This intent would be severely undermined by allowing prisoners to pay the full

filing fee using funds to which they lacked access in any event. Given this intent and the rationale

for segregating funds into a release account, and absent federal statutory authority compelling such

a result, the court declines to order that the balance of Carlisle's filing fee be paid from his release

account.

As to Carlisle's motion for appointment of counsel, I note that the defendant has not yet even

answered the complaint and joined issue. The request that the court recruit counsel is therefore

premature. A plaintiff in a civil case has no right to a free lawyer, nor does a private lawyer have

a legal obligation to work for free. Under some circumstances, however, the court can and should

attempt to recruit a lawyer for a private litigant who is unable, after reasonable efforts, to obtain

counsel on his own. *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). Such a duty arises only after the

indigent plaintiff has made a reasonable effort to obtain counsel or been effectively precluded from

doing so. At that point, the court should provide assistance when, "the difficulty of the

2

case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655.

I am unconvinced at this stage of the proceedings that the case is so complex or Carlisle so limited that he is unable to coherently present his case to a judge or jury. His request for court-recruited counsel is therefore denied for now. I will continue to reevaluate the need for counsel as the case proceeds, however, and if it appears counsel is required, will reconsider Carlisle's motion.

**IT IS THEREFORE ORDERED** that Carlisle's motion to pay the balance of the filing fee from his release account (ECF No. 14) is **DENIED**. Carlisle's request for appointment of counsel is also **DENIED**.

Dated this ___31st___ day of January, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court