# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY LOWELL CARLISLE,

    Plaintiff,

v.                                  Case No. 18-C-1924

RYAN HOLZMACHER,

    Defendant.

## ORDER

On March 26, 2019, Plaintiff Jeffrey Carlisle, an inmate incarcerated at Oshkosh Correctional Institution who is representing himself, filed a motion for reconsideration of the denial of his request for emergency relief and a motion to appoint counsel. ECF Nos. 21–22. In his motion for reconsideration, Carlisle, who began a six-month trial of anastrozole in January of 2019 to treat his gynecomastia, explains that he continues to experience physical and psychological pain and that "so far the anastrozole is not helping at all." ECF No. 22. Carlisle states that he "can manage the severe pain by ice and medication. However, there is no remedy for the mind." *Id.*

Carlisle's motion for reconsideration will be denied. As the court noted in its past order, Dr. Bekx, a former practicing endocrinologist and current medical director for the Department of Corrections, finds Carlisle's conservative course of treatment, including the six-month anastrozole trial, reasonable. ECF Nos. 18 at 8; 17 at ¶ 21. Indeed, the anastrozole request originated from Dr. Wheatley, Carlisle's primary care provider who has treated Carlisle's gynecomastia for several years. Carlisle's impatience with the incremental nature of his treatment, including the need to complete the full six-month trial of anastrozole, is not a reason to direct that surgery be performed. In light of Dr. Bekx's declaration, issuing such an order would not be the least intrusive means

necessary to correct the violation of a federal right. *See* 18 U.S.C. § 3626(a)(1)(A). Although Carlisle's motion will be denied, he remains free to pursue injunctive relief in the future in the event that his anastrozole trial proves ineffective and his symptoms persist or worsen.

Carlisle's motion to appoint counsel will also be denied. In his motion, Carlisle claims that he is indigent, that he has sought legal counsel without success, and that changes in his mental health medications have caused him to lose focus. To determine whether recruitment of counsel is appropriate, the court considers "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). The pertinent question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Carlisle's case is fairly straightforward: the key inquiry is whether the defendant's treatment of his gynecomastia is constitutionally sufficient. While medical in nature, this case is rather narrow; it asks whether the denial of surgery, both previously and potentially in the future, violates the Eighth Amendment. Carlisle has demonstrated in his filings with the court and in oral communications during a telephone conference that he understands and is able to effectively pursue his claims. Given Carlisle's abilities and the relatively simple nature of his case, the court is satisfied that Carlisle is not so limited as to be unable to communicate his case to a judge or jury. The court will continue to reevaluate the need for counsel as the case progresses.

**IT IS THEREFORE ORDERED** that Carlisle's motions for reconsideration (ECF No. 22) and to appoint counsel (ECF No. 21) are **DENIED**.

Dated this  3rd  day of April, 2019.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
